IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Micheal Wayne Perritt, ) | C/A No. 0:19-1881-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER REGARDING** |
| ) | **AMENDMENT OF COMPLAINT** |
| Mediko; Melissa Vanduser; Heather Stanley; ) | |
| Jamie Fitcher; Erin Pintkowski; Dr. Joe Long; ) | |
| Dr. Joe Papotto, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Micheal Wayne Perritt, a self-represented state pretrial detainee, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated July 24, 2019, the court identified deficiencies in Plaintiff's Complaint that subjected this case to summary dismissal, and provided Plaintiff with the opportunity to file an amended complaint. (ECF No. 8.) Plaintiff has now filed an Amended Complaint and supplement. (ECF Nos. 15 & 16.) Having reviewed the Amended Complaint and supplement in accordance with applicable law, the court finds this action is still subject to summary dismissal if Plaintiff does not amend the Amended Complaint to cure the deficiencies identified herein.

I.   **Factual and Procedural Background**

In the original Complaint, Plaintiff, an inmate in the J. Reuben Long Detention Center in Conway, South Carolina, indicated that he slipped and injured a bone in his left foot in January 2019. (Compl., ECF No. 1 at 2, 6-7.) He claimed that despite his numerous requests for medical attention, the jail medical department run by Mediko did not x-ray his foot until six to seven weeks after the

fall. (Id. at 8.) He further claimed that the medical staff determined that Plaintiff's bone was cracked, but Plaintiff was later taken to an outside doctor who determined that the bone was broken. (Id.) Plaintiff indicated that the outside doctor also determined that because the break went untreated, it had already started to heal, causing permanent damage. (Id.) Plaintiff indicated he brought this action for damages pursuant to 42 U.S.C. § 1983 for a violation of the Eighth Amendment. (Id. at 5.) Plaintiff named the J. Reuben Long Detention Center and Mediko as defendants in the caption of the Complaint. (Id. at 1.) However, Plaintiff also listed "Mediko (Nurses)" as a named defendant in the body of the Complaint. (Id. at 3.)

In the Amended Complaint, Plaintiff no longer names the J. Reuben Long Detention Center or "Mediko Nurses" as defendants,[1] and Plaintiff now names several individuals as defendants. (Am. Compl., ECF No. 16 at 1-3, 5-6.) And, Plaintiff makes the same allegations about the injury to his foot and lack of timely treatment as he did in the original Complaint. (Id. at 8-10.) Also, Plaintiff again asserts that he brings this action pursuant to 42 U.S.C. § 1983 seeking damages for a violation of the Eighth Amendment. (Id. at 7, 9.)

**II.   Discussion**

   **A.   Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which

---

[1] Therefore, the Clerk is directed to terminate "J. Reuben Long Detention Ctr." as a defendant.



permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.   **Analysis**

Despite having availed himself of the opportunity to cure the deficiencies in the original complaint identified by the court, Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted. A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

While Plaintiff has now identified individuals amenable to suit pursuant to § 1983, he fails to provide any facts about them. Accordingly, Plaintiff fails to plausibly allege that the newly-named individuals violated his rights. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Because Plaintiff does not explain how the individual defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleading standards. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

*PJG*

Also, as explained in the court's previous order regarding amendment, the Amended Complaint fails to state a claim against Mediko upon which relief can be granted because he fails to plausibly allege facts that could show that his injury was caused by a custom or policy of Mediko. See generally Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." ). Accordingly, Plaintiff's claim against Mediko is still subject to summary dismissal.

Consequently, Plaintiff's Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file a **second amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the previous complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

*PJG*

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).